```
                DISTRICT COURT OF THE VIRGIN ISLANDS
                 DIVISION OF ST. THOMAS AND ST. JOHN
```

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Criminal No. 2011-21 |
| ) | |
| AKEEM R. GUMBS, ) | |
| ) | |
| Defendants. ) | |

**ATTORNEYS:**

**Ronald Sharpe, United States Attorney**
**Everard E. Potter, AUSA**
United States Attorney's Office
St. Thomas, U.S.V.I.
  *For the United States of America,*

**Akeem R. Gumbs**
Fort Dix, NJ
  *Pro se.*

## ORDER

**GÓMEZ, J.**

Before the Court is the October 14, 2016, Report and Recommendation of the Magistrate Judge.

On June 2, 2011, the United States indicted Akeem Gumbs ("Gumbs"). The indictment alleged 31 counts related to the production and possession of child pornography and first degree aggravated rape.

On February 14, 2012, a jury found Gumbs guilty on each count of the Indictment. The Court granted Gumbs's motion for a

judgment of acquittal as to three counts of aggravated rape. A sentencing hearing was held on September 6, 2012. The Court sentenced Gumbs to a term of 420 months for the child pornography charges and a term of 20 years for the aggravated rape charges. The Court ordered the terms to be served concurrently.

Gumbs appealed. On March 28, 2014, the Third Circuit affirmed the Court's judgment. Thereafter, Gumbs petitioned the Supreme Court of the United States for a writ of certiorari. On October 6, 2014, the Supreme Court denied Gumbs's petition.

On January 15, 2015, Gumbs filed a motion to vacate his sentence under 28 U.S.C. § 2255 (the "2255 petition"). Gumbs raises six grounds for post-conviction relief: (1) that Gumbs's counsel was constitutionally ineffective by failing to argue that the search warrant for his home lacked probable cause because it did not indicate the date of the alleged crimes; (2) that this Court and the Third Circuit erred in holding that the listed examples in Attachment C of the affidavit in support of the search warrant limited the scope of the search warrant; (3) that Gumbs's counsel was constitutionally ineffective for failing to raise alleged court errors surrounding the scope of the search warrant; (4) that this Court and the Third Circuit erred in holding that the use of Gumbs's driver's license was

sufficient to establish probable cause that Gumbs lived at the residence that was searched; (5) that Gumbs's counsel was constitutionally ineffective by failing to raise alleged court errors surrounding Gumbs's license; and (6) that Gumbs's counsel was constitutionally ineffective by failing to argue that Gumbs was not informed of the nature and cause of the accusation in violation of Gumbs's Sixth Amendment rights.

The Court referred Gumbs's 2255 petition to the Magistrate Judge for a Report and Recommendation. On October 14, 2016, the Magistrate Judge issued a Report and Recommendation. The Magistrate Judge recommended denying Gumbs's petition. On November 14, 2016, Gumbs filed an objection to the Magistrate Judge's Report and Recommendation. The Court has reviewed the record *de novo*.

**A. Whether Gumbs's Counsel was Ineffective by Failing to Argue the Search Warrant Lacked Probable Cause for omitting the Date of the Alleged Crimes.**

Gumbs first asserts that the search warrant for his home was unsupported by probable cause because it did not include the date of the alleged crime. Gumbs argues that his counsel was constitutionally deficient by failing to raise this argument.

The Sixth Amendment guarantees to criminal defendants the right to effective assistance of counsel. *See Clausell v. Sherrer*, 594 F.3d 191, 196 (3d Cir. 2010), *as amended* (Mar. 23,

*United States v. Gumbs*
Criminal No. 2011-21
Order
Page 4

2010). Claims of ineffective assistance of counsel are evaluated under the two-pronged test articulated by *Strickland v. Washington,* 466 U.S. 668 (1984).

> First, the defendant must show that counsel's performance was deficient. That requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.

*Jacobs v. Horn*, 395 F.3d 92, 102 (3d Cir. 2005) (quoting *Strickland*, 466 U.S. at 587).

The Fourth Amendment protects citizens from "unreasonable searches and seizures." U.S. Const. amend. IV. "[T]o that end, it generally requires that search warrants be supported by probable cause." *United States v. Vosburgh*, 602 F.3d 512, 525 (3d Cir. 2010).

When issuing a warrant, a magistrate judge must look at "all the circumstances set forth in the affidavit" and "make a practical, common-sense decision" on whether "there is a fair probability that contraband or evidence of a crime will be found in a particular place." *Id.* (quoting *Illinois v. Gates*, 462 U.S. 213, 238 (1983). To uphold an issued warrant, the district court need only be satisfied that "the magistrate had a substantial basis for concluding that probable cause existed." *Id.* (internal

*United States v. Gumbs*
Criminal No. 2011-21
Order
Page 5

quotation marks and alterations omitted) (quoting *Gates*, 462 U.S. at 238-39).

The "[a]ge of the information supporting a warrant application is a factor in determining probable cause." *United States v. Harvey*, 2 F.3d 1318, 1322 (3d Cir. 1993). If the supporting information is "too old, the information is stale, and probable cause may no longer exist." *United States v. Zimmerman*, 277 F.3d 426, 434 (3d Cir. 2002). "[T]he mere passage of time," however, "does not render information in an affidavit stale." *United States v. Yusuf*, 461 F.3d 374, 391 (3d Cir. 2006). Accordingly, to determine whether information is stale, a district court "must do more than simply count the number of days between the date of the alleged criminal activity and the date of the warrant." *Vosburgh*, 602 F.3d at 528. The district court "must also consider the nature of the crime and the type of evidence." *Id.*

The Magistrate Judge recommended denying relief to Gumbs on ground 1 primarily because of the nature of the evidence and crime. First, "pedophiles rarely, if ever, dispose of child pornography" and may "retain child pornography for long periods of time." *See Zimmerman*, 277 F.3d at 434. Second, the type of evidence sought--"computers and/or computer equipment--is not the type of evidence that rapidly dissipates or degrades. Nor is

it the type of property that is usually quickly or continuously discarded." *Vosburgh*, 602 F.3d at 529. Accordingly, the Magistrate judge concluded that the search warrant was backed by probable cause despite the absence of a date for the alleged crime in the search warrant.

The Court agrees that these factors go far in establishing probable cause. However, the Court is not prepared to hold that these factors would provide probable cause regardless of the date of the alleged crime.

Probable cause for the search warrant was based on a video showing Gumbs engaged in sexual activity with what appeared to be a minor female. Law enforcement officials estimated the age of the female in the video to be 8-10 years old. On March 15, 2011, the female in the video was identified. She was in fourth grade and appeared "approximately 8 years of age." The search warrant was issued on March 19, 2011.

Because the minor female appeared to be roughly the same age in the video as she did four days before the warrant was issued, the most logical conclusion is that the alleged crime was contemporaneous with the issuance of the warrant. Accordingly, given the nature of the crime and type of evidence, there was a "substantial basis" for concluding that there was "a fair probability" that evidence of child pornography would be

present in Gumbs's home. *See United States v. Lacy*, 119 F.3d 742, 746 (9th Cir. 1997) ("We are unwilling to assume that collectors of child pornography keep their materials indefinitely, but the nature of the crime, as set forth in this affidavit, provided 'good reason' to believe the computerized visual depictions downloaded by Lacy would be present in his apartment when the search was conducted ten months later." (alterations omitted)). Because the warrant was supported by probable cause, Gumbs's counsel was not ineffective for failing to raise this claim.[1] *See Werts v. Vaughn*, 228 F.3d 178, 203 (3d Cir. 2000) ("[C]ounsel cannot be deemed ineffective for failing to raise a meritless claim.")

### B. Whether Gumbs's Driver's License was Sufficient to Establish Probable Cause that Gumbs Lived at the Searched Residence.

The Magistrate Judge recommended denying Gumbs's claims that (1) the search warrant was not properly limited; and (2) that the search of his residence lacked probable cause. The Magistrate Judge held that the Third Circuit previously decided

---

[1] The Court departs from the Magistrate Judge's conclusion that, assuming the warrant did lack probable cause, Gumbs did "not overcome the presumption that counsel's decision not to raise the date of the crime is a strategy or tactic that falls within 'the wide range of reasonable professional assistance.'" ECF No. 164, at 9 (quoting *Strickland*, 466 U.S. 689. At any rate, this extra step is unnecessary to the disposition of this claim.

*United States v. Gumbs*
Criminal No. 2011-21
Order
Page 8

these claims on direct appeal.[2] As such, Gumbs was precluded from relitigating them through a 28 U.S.C. § 2255 petition. *See, e.g., United States v. DeRewal*, 10 F.3d 100, 105 n.4 (3d Cir. 1993) ("refus[ing] to permit . . . relitigation" of questions that "were raised and rejected on direct appeal").[3] The Court agrees with the Magistrate's recommendation for these grounds.

### C. Whether Gumbs's Counsel was Ineffective for Failing to Challenge the Finding of Probable Cause to Search and the Breadth of the Search Warrant.

The Magistrate Judge found that Gumbs's Sixth and Fourth Amendment claims were essentially the same claims under different labels. The Court disagrees in this respect. Gumbs's claims with respect to the search warrant were Fourth Amendment claims. Gumbs's claims that his counsel was constitutionally ineffective for failing to raise these issues during the original proceedings are Sixth Amendment claims. The two types of claims, though comingled in Gumbs's petition, are

---

[2] *See United States v. Gumbs*, 562 Fed. App'x 110, 114 (3d Cir. 2014) ("[T]he warrant directs officers to seize '[i]mages of child pornography and files containing images of child pornography in any form[,] wherever it may be stored or found.' It then . . . sets forth a broad list of computer-related devices that might store such images or files. We thus conclude . . . that the search warrant, through broad, was not general." (citations omitted)); *id.* ("[Gumbs's driver's license] was a reliable indicator of his residence and law enforcement officials could rely on it without further corroboration." (citation omitted)).

[3] Exceptions for this general rule exist "when there has been an 'intervening change in law' affecting the claim previously decided adversely to the petitioner," *see Sonneberg v. United States*, No. 01-2067, 2003 WL 1798982 (3d Cir. Apr. 4, 2003) (quoting *Davis v. United States,* 417 U.S. 333 (1974)), and when there are "countervailing equitable considerations," *see Winthrow v. Williams*, 507 U.S. 680, 721 (1993). Neither exception is applicable here.

fundamentally distinct from one another. They are premised on distinct constitutional rights, involve different harms, and require proof of different elements.

This disagreement, however, does not change the result. The fact that the Third Circuit considered and rejected Gumbs's Fourth Amendment arguments on direct appeal necessarily prevents Gumbs from satisfying Strickland's prejudice prong. *See, e.g.*, *Vaughn*, 228 F.3d at 203; *James v. Borg,* 24 F.3d 20, 27 (9th Cir. 1994) (finding no ineffective assistance where the motion that allegedly should have been made would have been futile).

### D. Whether Gumbs's Counsel was Ineffective by Failing to Challenge the Sufficiency of the Indictment.

With respect to Gumbs's claim that his counsel failed to challenge the sufficiency of the indictment, the Magistrate Judge found that the indictment adequately informed Gumbs of the "nature and cause of the accusation[s]." *Id.* (quoting U.S. Const. amend. VI). The Court agrees with the Magistrate Judge that the indictment was constitutionally sufficient. Thus, Gumbs's counsel was not ineffective for failing to raise that argument.

To the extent Gumbs is arguing that the absence of the date of the alleged crimes in the search warrant violated his Sixth Amendment rights, the Sixth Amendment applies only to "criminal prosecutions." *See* U.S. Const. amend VI. A criminal prosecution

does not begin until "a criminal defendant's initial appearance before a judicial officer." See *Rothgery v. Gillespie Cnty*, 554 U.S. 191, 212 (2008). Accordingly, nothing in the search warrant could have violated Gumbs's Sixth Amendment rights. *See Burchett v. Kiefer*, 310 F.3d 937, 946-47 (6th Cir. 2002) ("Although Burchett does not expand on this claim, presumably he is suggesting that officers violated his Sixth Amendment rights by refusing to identify any specific charges against him during his three-hour detention. However, the facts that Burchett alleges do not amount to a constitutional violation, as the Sixth Amendment applies only to 'criminal prosecutions,' and no such prosecution had begun." (quoting U.S. Const. amend. VI)).

### E. Motion for Summary Judgment and Motion to Dismiss

The Magistrate Judge concluded that Gumbs's motion for summary judgment added nothing to his 2255 petition. The Magistrate Judge recommended denying the motion for summary judgment on the same grounds as the 2255 petition. The Court agrees. Further, the Court finds that Gumbs's motion to dismiss likewise adds nothing to his 2255 petition.

### F. Motion for Evidentiary Hearing.

The Magistrate Judge concluded that "the record in this case conclusively shows that Gumbs is not entitled to relief"

and recommended denying Gumbs's motion for an evidentiary hearing. ECF No. 163 at 15-16. The Court agrees.

The premises considered; it is hereby

**ORDERED** that the Magistrate Judge's Report and Recommendation is **ADOPTED** in part and **MODIFIED** in part; it is further

**ORDERED** that Gumbs's 2255 petition docketed at ECF Number 131 is **DENIED**; it is further

**ORDERED** that Gumbs's motions to vacate, set aside, or correct sentence docketed at ECF Numbers 112, 115, 117, and 118 are **MOOT**; it is further

**ORDERED** that Gumbs's motions for summary judgment docketed at ECF Numbers 126 and 134 are **DENIED**; it is further

**ORDERED** that Gumbs's motions to dismiss docketed at ECF Numbers 124, 141, and 150 are **DENIED**; it is further

**ORDERED** that Gumbs's motion for an evidentiary hearing docketed at ECF Number 154 is **DENIED**; it is further

**ORDERED** that Gumbs's motion to vacate referral to Magistrate Judge docketed at ECF Number 152 is **DENIED**; it is further

**ORDERED** that Gumbs's motion to vacate referral to Magistrate Judge docketed at ECF Number 146 is **MOOT**; it is further

*United States v. Gumbs*
Criminal No. 2011-21
Order
Page 12

  **ORDERED** that Gumbs's motion to recuse the Magistrate Judge docketed at ECF Number 156 is **MOOT;** it is further

  **ORDERED** that a certificate of appealability will not be issued.

              S\_____
              **Curtis V. Gomez**
              **District Judge**