DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS AND ST. JOHN

| UNITED STATES OF AMERICA, | ) |
|---|---|
| Plaintiff, | ) |
| v. | ) Criminal No. 2011-21 |
| AKEEM R. GUMBS, | ) |
| Defendants. | ) |

ATTORNEYS:

**Ronald Sharpe, United States Attorney**
**Everard E. Potter, AUSA**
United States Attorney's Office
St. Thomas, U.S.V.I.
  *For the United States of America,*

**Akeem R. Gumbs**
Fort Dix, NJ
  *Pro se.*

## ORDER

**GÓMEZ, J.**

Before the Court are the several motions of Akeem Gumbs ("Gumbs") to vacate sentence under 28 U.S.C. § 2255 ("Section 2255").

On June 2, 2011, the United States indicted Gumbs on 31 counts related to the production and possession of child pornography and first degree aggravated rape. On February 14, 2012, a jury found Gumbs guilty on each count of the Indictment. The Court granted Gumbs's motion for a judgment of acquittal as

to three counts of aggravated rape. A sentencing hearing was held on September 6, 2012. The Court sentenced Gumbs to a term of 420 months for the child pornography charges and a term of 20 years for the aggravated rape charges. The Court ordered the terms to be served concurrently. Gumbs appealed.

On March 28, 2014, the Third Circuit affirmed the Court's judgment. Thereafter, Gumbs petitioned the Supreme Court of the United States for a writ of certiorari. The Supreme Court denied Gumbs's petition.

On January 15, 2015, Gumbs filed a motion in this Court to vacate his sentence under Section 2255. Finding no merit to any of Gumbs's claims, on February 18, 2017, the Court entered an order denying Gumbs's motion to vacate. The Court declined to issue Gumbs a certificate of appealability. Subsequently, Gumbs appealed the Court's order. On June 26, 2017, the Third Circuit denied Gumbs's request for a certificate of appealability, explaining that "jurists of reason would not debate that the claims advanced in Gumbs's 28 U.S.C. § 2255 motion are meritless." *See United States v. Gumbs*, C.A. No. 17-1608, Doc. No. 003112659688.

Gumbs has since filed several motions he describes as "motions to dismiss." *See, e.g.*, ECF No. 221. Gumbs argues that (1) the Court did not have personal jurisdiction over Gumbs

because the government failed to prove where Gumbs committed the charged crimes; (2) the lapse of time between Gumbs's initial appearance and trial violated the Speedy Trial Act as well as Gumbs's Sixth Amendment rights; (3) Gumbs's trial counsel was ineffective for failing to argue that the Indictment was not in compliance with Federal Rule of Criminal Procedure 3; (4) Gumbs's trial counsel was ineffective for failing to argue that the absence of a specific date for charges in the Indictment violated Gumbs's Sixth Amendment rights; (5) Gumbs's trial counsel was ineffective for failing to argue that the government's failure to determine whether the "last modified date" on several videos was the date that the videos were made violated Gumbs's Sixth Amendment rights; and (6) Gumbs's trial counsel was ineffective for failing to argue that venue was improper under Federal Rule of Criminal Procedure 18.

In each of Gumbs's motions, he asks the Court to vacate his convictions and sentences. Accordingly, the Court construes these motions as motions to vacate under Section 2255. *See e.g.*, *United States v. Lawson*, 83 Fed. App'x 619 (5th Cir. 2003) ("This court construes Lawson's motion to dismiss the indictment as a 28 U.S.C. § 2255 motion.").

Section 2255 provides, in relevant part:

>     (h) A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain--
>         (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>         (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h). Section 2244, title 28, of the U.S. Code provides, in relevant part that, "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). The requirement that a defendant obtain authorization before filing a second or successive petitions under Section 2255 is jurisdictional. *See United States v. Doe*, 810 F.3d 132, 150 (3d Cir. 2015) (explaining that "the second-or-successive bar is jurisdictional"); *United States v. Mabry*, 417 Fed. App'x 168, 170 (3d Cir. 2011) ("Mabry filed a § 2255 motion that was denied on the merits before he filed the April 5 motion. Thus, not only is the April 5 motion really a § 2255 motion, it is also a second § 2255 motion, over which the District Court lacked jurisdiction because we did not authorize its filing." (footnote omitted)).

There is nothing in the record to indicate that Gumbs sought and obtained authorization from the Third Circuit to file the motions to vacate currently before the Court.

The premises considered, it is hereby

**ORDERED** that the motions to vacate docketed at ECF Numbers 204, 207, 211, 212, 214, 216, 218, 221, 223, 227, 230, 234, 236, 257, 259, 265, and 268 are **DENIED**; it is further

**ORDERED** that the motions to withdraw docketed at ECF Numbers 229, 267, and 270 are **MOOT**; it is further

**ORDERED** that the motion for a ruling docketed at ECF Number 279 is **MOOT**; and it is further

**ORDERED** that a certificate of appealability will not be issued.

S\_____
**Curtis V. Gomez**
**District Judge**