**IN THE DISTRICT COURT OF THE VIRGIN ISLANDS**
**DIVISION OF ST. THOMAS AND ST. JOHN**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | **Case No. 3:11-cr-0021** |
| | ) | |
| **AKEEM GUMBS,** | ) | |
| | ) | |
| **Defendant.** | ) | |

APPEARANCES:

**Everard E. Potter, Esq.**
Office of United States Attorney
St. Thomas, USVI
        *For Plaintiff the United States of America,*

**Akeem R. Gumbs, Pro Se**
Federal Correctional Institution
Fort Dix, NJ

**<u>MEMORANDUM OPINION</u>**

MOLLOY, Chief Judge.

    **BEFORE THE COURT** is Defendant Akeem Gumbs' ("Gumbs") sixty-three post-conviction and section 2255 motions filed from September 12, 2018, to January 4, 2021.[1] For the reasons stated below, the Court will grant Gumbs' motions to withdraw, and will deny or find moot the remaining fifty-seven motions as they are either frivolous and without merit, construed as second or successive 2255 motions, or have been rendered moot by this Memorandum Opinion.

### I.    FACTUAL AND PROCEDURAL HISTORY

    The investigation into the underlying criminal matter at issue began on or about March 11, 2011, when a computer service technician contacted the Virgin Island Police Department ("VIPD") regarding a video and video clips of child pornography while repairing a client's computer. *See* ECF No. 7. The technician burned a copy of the video and video clips

---

[1] *See* ECF Nos. 261, 264, 290, 293, 295, 297, 299, 301, 304, 306, 308, 310, 312, 321, 323, 325, 326, 328, 330, 333, 340, 342, 344, 345, 347, 351, 353, 357, 360, 362, 364, 366, 368, 369, 371, 377, 379, 381, 383, 384, 386, 388, 390, 392, 394, 396, 398, 401, 403, 404, 406, 408, 410, 411, 412, 414, 416, 418, 419, 421, 423, 425, 428.

onto a DVD and turned it into the VIPD. *Id.* Through subsequent investigation, local police learned the identity of the minor child in the video, and her brother, who later confirmed that the adult appearing in the video was the defendant Akeem Gumbs. (ECF No. 7-1 at 15.)

After identifying Gumbs as the individual in the video, VIPD conducted a search of Gumbs' residence, pursuant to a valid search warrant, on March 19, 2011. *See* 3-11-mj-00031-001 ECF No. 13. During the search, the agents seized: (1) a Dell laptop model #610; (2) a black Dane-Elec 8gb thumb drive ("black thumb drive"); (3) a SanDisk adapter; (4) an express mail receipt #513139829; (5) two VHS cassette tapes; (6) a blue jump drive; (7) a cd; (8) PC tools notepad; and a DVD. *Id.*

On March 21, 2011, a Complaint was filed against Gumbs alleging that on or about April 2010, he "sexually exploit[ed] a minor while making a visual production of such incident" in violation of Title 18, United States Code, Section 2251(a). *See id.* at ECF No. 1. Gumbs was then arrested and referred to the Magistrate Judge for his initial appearance and a detention hearing in a proceeding docketed at Crim. No. 3-11-mj-00031-001. *Id.* at ECF Nos. 6 & 7.

On June 2, 2011, Gumbs was subsequently charged by Indictment with five counts of production of child pornography, one count of possession of child pornography, and twenty-five counts of aggravated rape in the first degree. *See* 3:11-cr-00021, ECF No. 1. On February 14, 2012, a jury found Gumbs guilty on twenty-eight of the thirty-one counts.[2] (ECF No. 64.) A sentencing hearing was held on September 6, 2012. (ECF No. 94.) The Court sentenced Gumbs to a term of 420 months for the child pornography charges and a term of 20 years for the aggravated rape charges. *See id.* The Court ordered the terms to be served concurrently. *Id.* Gumbs filed a notice of appeal on September 14, 2012. (ECF No. 95.) While his appeal was still pending, Gumbs also filed a motion to vacate under 28 U.S.C § 2255. (ECF No. 107.) Gumbs' first section 2255 motion was dismissed as prematurely filed on January 11, 2013. (ECF No. 109.) Shortly thereafter, on March 28, 2014, the Third Circuit affirmed the district court's judgment on direct review. (ECF No. 110-1.) Gumbs then petitioned the Supreme

---

[2] The Court granted Gumbs' motion for a judgment of acquittal as to three counts of aggravated rape.

Court of the United States for a writ of certiorari. The Supreme Court denied Gumbs's petition on October 6, 2014. *See Gumbs v. United States*, 574 U.S. 884 (2014).

Once Gumbs had fully exhausted direct review, he filed a timely motion in this Court to vacate his sentence under section 2255 on January 15, 2015. (ECF No. 112.) Finding no merit to the claims in the original motion or Gumbs' six amendments, the Court entered an order denying Gumbs's second motion to vacate on February 18, 2017.[3] (ECF No. 186.) The Court also declined to issue Gumbs a certificate of appealability. *See id.* Gumbs subsequently appealed the Court's order denying his section 2255 motion on the merits. On June 26, 2017, the Third Circuit denied Gumbs' request for a certificate of appealability, explaining that "jurists of reason would not debate that the claims advanced in Gumbs's 28 U.S.C. § 2255 motion are meritless." *See United States v. Gumbs*, C.A. No. 17-1608 (3d Cir. 2017). Gumbs then proceeded to again file a petition for writ of certiorari with the Supreme Court on July 27, 2017. The petition was denied on November 6, 2017. *See Gumbs. v. United States*, 138 S.Ct. 432 (2017).

Not to be deterred, Gumbs' proceeded to file seventeen additional motions in the District Court seeking to vacate his convictions and sentence.[4] Because each of Gumbs' various filings asked the Court to vacate his convictions and sentence, the Court construed these various filings as motions to vacate pursuant to 28 U.S.C. § 2255 and thus concluded that these filings were second or successive section 2255 motions. (ECF No. 283.) Since the filing of a second or successive motion requires authorization from the appropriate court of appeals, and there was no indication in the record that Gumbs obtained such authorization from the Third Circuit, the Court denied all seventeen motions on August 22, 2019. *See id.*

Since the Court's Order on August 22, 2019, Gumbs has continued to inundate the Court with over sixty, mostly repetitious, filings. The primary focus of Gumbs filings of late have been his pre-trial proceedings and the Complaint docketed in D.V.I. Crim. No. 3-11-mj-00031-001. Despite the Court already denying Gumbs' prior motions to dismiss regarding

---

[3] This motion decided on in this order constitutes the first section 2255 motion for the purposes of the successive section 2255 motion analysis as it was the first one decided on the merits. *See Pratt v. United States,* 129 F.3d 54, 60 (1st Cir. 1997) ("a numerically second petition is not 'second or successive' if it attacks a different criminal judgment or if the earlier petition terminated without a judgment on the merits.").

[4] *See* ECF Nos. 204, 207, 211, 212, 214, 216, 218, 221, 223, 227, 230, 234, 236, 257, 259, 265, 268.

this issue, Gumbs filed another motion to dismiss on April 15, 2019, and has since filed fourteen additional amendments.[5] Gumbs has also filed for preliminary injunctions, temporary restraining orders, motions to give priority, motions to compel discovery, and motions to terminate the employment of Judge Curtis Gomez, Magistrate Judge Ruth Miller, and Assistant U.S. Attorney Everard Potter, all in an effort to have this Court relitigate the motion to dismiss issue.[6]

To avoid the procedural barriers of filing successive section 2255 motions, Gumbs has also filed two Rule 15(c) motions in an effort to have his new claims construed as amendments to the section 2255 motion filed on January 15, 2015. (ECF Nos. 394, 421.) Gumbs has filed several additional pre-trial and post-trial motions as well. Specifically, Gumbs has filed a pre-trial motion to suppress evidence, a motion for a judgment of acquittal with no less than three amendments, as well as a motion for a new trial.[7] In addition, Gumbs has filed multiple motions for relief from judgment seeking to vacate the February 18, 2017, and February 28, 2019 Orders.[8]

The final issue currently before the Court is Gumbs' motion for the return of property. (ECF No. 261.) In that motion, Gumbs is seeking the return of "the Black Flash Drive and all non-contraband files in that black flash drive." *See id.* While all of Gumbs' motions are merely attempts to relitigate issues that have already been decided on the merits or are new claims that are procedurally barred, the Court will nevertheless consider each group of motions and amendments in turn.

## II.    DICUSSION

### a.  Motion to Dismiss and Related Motions

---

[5] Motion to Dismiss the Complaint & accompanying amendments. *See* ECF Nos. 297, 299, 304, 330, 362, 366, 384, 386, 390, 398, 404, 425, 428.

[6] (Preliminary Injunction) ECF Nos. 290, 293, 312, 326, 369; (Temporary Restraining Order) ECF Nos. 295, 371; (Motions to Give Priority) ECF Nos. 328, 364; (Compel Discovery) ECF Nos. 323, 360; (Terminate Employment) ECF Nos. 345, 347, 351, 408.

[7] (12(b)(3) Motion to Suppress) ECF No. 414, 423; (Extension of time to file 12(b)(3) Motion) ECF Nos. 406, 412, 416; (Motion for Judgment of Acquittal) ECF Nos. 333, 342, 368, 379; (Motion for a New Trial) ECF No. 377.

[8] (Motions for Relief from Judgment) ECF No. 321, 340, 344, 353, 357, 381, 388, 392, 403.

To understand the arguments made in Gumbs' motion to dismiss, it is necessary to briefly explain once more how the legal proceedings transpired. A Complaint was filed on March 21, 2011. Gumbs was then referred to the Magistrate Judge for an initial appearance and detention hearing. The Complaint and those pre-trial proceedings were all docketed at Crim No. 3:11-mj-00031-001. However, Gumbs was subsequently indicted and convicted in the criminal proceedings docketed at Crim No. 3:11-cr-00021. Gumbs now argues that the proceedings in the magistrate's docket remain pending, and as such, he has been denied a speedy trial, along with other constitutional rights, because the Government and the Court have failed to bring the charge found in the Complaint to trial.[9] *See* ECF No. 429. As a result, Gumbs argues the Complaint and the underlying charge should be dismissed. *Id.* Gumbs further asserts that the dismissal of the Complaint would invalidate the seizure of other evidence against him and thus would require a dismissal of the counts in the Indictment as well. *Id.*

As noted by the Third Circuit on multiple occasions, Gumbs' motion to dismiss argument is "frivolous." *In re Gumbs*, 726, Fed. App'x, 166, 166 (3d Cir. 2018) (when discussing the motion to dismiss, the court determined "Gumbs's request is frivolous"); *In re Gumbs*, 747 Fed. App'x, 916, 916 (3d Cir. 2019) (noting again that the Court had already deemed Gumbs' request '"frivolous"'). The Complaint, the initial appearance, and detention hearing found in Crim No. 3:11-mj-00031-001 merely reflect pre-trial proceedings, not a criminal judicial proceeding where formal charges remain pending. *See U.S. v. Alvarado*, 440 F.3d 191, 200 (4th Cir. 2006) ("The filing of a federal criminal complaint does not commence a formal prosecution"). In felony cases such as in this case, a formal charge may only be brought by information or indictment. *See* 48 U.S.C. § 1614(b); *see also United States v. Bostic*, 545 F.3d 69, 83 (1st Cir. 2008) ("the complaint is not a 'formal charge'"). The complaint primarily serves as a precursor to an arrest warrant in felony proceedings and does not inform the defendant of the formal charges pending against him. *See* Function of the Complaint, 1 Fed. Prac. & Proc. Crim. § 42 (5th ed.). Therefore, Gumbs has no basis for

---

[9] Gumbs also argues that the Complaint must be dismissed because the due process and double jeopardy clause of the 5th amendment, Rule 3 and Rule 18 of the Federal Rules of Criminal Procedure, and the Court's lack personal jurisdiction over him all entitle him to relief. *See e.g.,* ECF Nos. 299, 304, 330, 428.

concluding that there is still an outstanding formal charge against him simply because the Complaint has not been dismissed.

In any event, when a criminal complaint is superseded by an indictment, the complaint ceases to exist. *See United States v. Female Juvenile, A.F.S.*, 377 F.3d 27 (1st Cir. 2004) ("the original complaint was superseded by [formal charging document] filed on March 21, 2003, and thus was no longer in existence") (citing Wayne R. LaFave et al., 1 Criminal Procedure § 1.3(n) (2d ed.1999) (noting that "like the indictment, the information is a charging instrument which replaces the complaint")). Therefore, any challenge to the Complaint filed in Gumbs' case is foreclosed as the document no longer had any legal effect once the indictment was filed on June 2, 2011. *See United States v. Smith*, No. 7:00CR00123, 2001 WL 420368, at *1 (W.D. Va. Jan 23, 2001) (grand jury indictment mooted Defendant's motion to dismiss the complaint). Thus, not only does the Complaint lack any formal criminal charges for the Court to dismiss, but the Complaint itself cannot be dismissed as it is no longer in existence. As such, Gumbs' arguments regarding this issue are wholly without merit. Consequently, because Gumbs' motion to dismiss the Complaint and the accompanying amendments are all patently frivolous, the motion to dismiss will be denied.[10]

Given that the Court has ruled on Gumbs' motion to dismiss and found the claims frivolous, the Court accordingly finds the motions for a temporary restraining order, preliminary injunction, motions to give priority, and motions to compel discovery, all moot.[11] Each of these motions sought in one way or another to either order the Court or the Government to bring the charge in the Complaint to trial, or force the Court to dismiss the Complaint. Because the Court has addressed the issue involving the Complaint, these pending motions are now moot as there is no basis for relief.[12]

---

[10] The following motions and accompanying amendments are denied: ECF Nos. 297, 299, 304, 306, 330, 362, 366, 384, 386, 390, 398, 404, 425, 428.

[11] The following motions are moot: ECF Nos. 290, 293, 295, 312, 323, 326, 328, 360, 364, 369, 371.

[12] The Court will also deny the motion to change counsel, ECF No. 396, given that there is no criminal proceeding currently pending and the claim at issue is frivolous. *See Christenson v. Ault*, 598 F.3d 990,995 (8th Cir. 2010) (there is no federal constitutional right to counsel during post-conviction proceedings.); *see also Abdullah v. Norris*, 18 F.3d 571, 573 (8th Cir. 1994) (a court should only provide counsel to a pro se defendant seeking post-conviction relief if the claims are not frivolous).

### b. Motions to Terminate Employment

In addition to the motions mentioned above, Gumbs also filed several motions to terminate the employment of Judge Curtis Gomez, Magistrate Judge Ruth Miller, and Assistant United States Attorney Everard Potter in an effort to have the Court adjudicate the frivolous claims in Gumbs' motions to dismiss. (ECF Nos. 347, 351, 408.)[13] These motions to terminate employment offer no plausible claims for relief. Given that these claims are frivolous, they warrant no more attention by this Court. *See United States v. Eddings*, 2:16-cr-4-8, 2022 WL 900343, at *8 (W.D. Penn. Mar. 28, 2022) ("In other words, where the motion, files and records conclusively show that the movant is not entitled to relief, courts maintain the discretion to summarily dismiss a § 2255 motion") (citing *United States v. Nahodil*, 36 F.3d 323, 326 (3d Cir. 1994); *United States v. Lively*, 817 F. Supp. 453, 457 (D. Del. 1993) (a motion will be summarily denied "if the movant's allegations, viewed against the record, either do not state a claim for relief or are so palpably incredible or patently frivolous as to warrant summary dismissal.") (citation omitted). As such, the Court will summarily deny all three motions. (ECF Nos. 347, 351, 408.)

### c. Motion for Relief from Judgment—Rule 60(b)

The next issue is Gumbs' motion for relief from judgment. Pursuant to Federal Rule of Civil Procedure 60(b)(4), Gumbs seeks to vacate the Order from February 28, 2019, because he argues that the Court misconstrued his motion to dismiss as a second section 2255 motion and thus impermissibly failed to review the claims on the merits. (ECF Nos. 321, 340, 344, 353, 357, 388.)

Federal Rule of Civil Procedure 60(b) entitles a moving party to relief from a judgment on several grounds. Rule 60(b)(4) specifically provides relief for when the judgment is void. *See* Fed. R. Civ. P. 60(b)(4). While Rule 60(b) provides post-conviction remedies, a motion pursuant to Rule 60(b) must be filed "within a reasonable time." Fed. R. Civ. P. 60(c)(1); *see Moolenaar v. Gov't of Virgin Islands*, 822 F.2d 1342, 1348 (3d Cir. 1987) (concluding that a Rule 60(b) motion, filed almost two years after an initial judgment, was

---

[13] Gumbs also filed an earlier motion to terminate employment regarding Judge Gomez on February 13, 2020. (ECF No. 345.) However, that motion was withdrawn by Gumbs on November 13, 2020. (ECF No. 418.)

not made within a reasonable time where the reason for the attack was available at the time of the initial judgment); *Burgos v. Superior Court of Pennsylvania*, 355 Fed. App'x 585, 586 (3d Cir. 2009). Moreover, a motion under Rule 60(b) requires a showing of "extraordinary circumstances," which the Supreme Court has determined "will rarely occur in the habeas context." *Gonzalez v. Crosby*, 545 U.S. 524, 535 (2005).

Here, Gumbs' motions and subsequent amendments are grossly untimely given that he was convicted over ten years ago and each one of Gumbs' claims were available to him at the time of trial.[14] Therefore, the Court finds Gumbs is barred from seeking relief under Rule 60(b) as no extraordinary circumstances have been demonstrated. However, even if extraordinary circumstances did exist here, "'Rule 60(b) cannot be used as an independent means to relieve a defendant of a judgment in a criminal case."' *United States v. Hernandez*, No. 90-315-2, 2013 WL 1628228, at *3 (E.D. Pa. Apr. 16, 2013) (quoting *Gray v. United States,* 385 F. App'x 160, 161–62 (3d Cir. 2010)). Thus, insofar as Gumbs hopes to obtain relief from the underlying criminal judgment, Rule 60(b) is inapplicable.

Additionally, the Court will not construe the motion for relief from judgment and the accompanying amendments as section 2255 motions because Gumbs specifically asked the Court not to do so. *See e.g.,* ECF No. 321. However, even if the motions were to be construed as section 2255 motions, the motions would constitute successive section 2255 motions given that the Court has already decided one of Gumbs' section 2255 motions on the merits. *See* ECF No. 186. In order to file a second or successive section 2255 motion, the motion must first be authorized by the Third Circuit. *See* 28 U.S.C. § 2255(h). Since there is no indication in the record that Gumbs' obtained approval to file a successive section 2255 motion, this Court may not review these motions pursuant to section 2255. *See Gove v. United States*, Crim. A. No. 90–304, 2009 WL 512160 at *6 (D.N.J Feb. 27, 2009) ("Because Petitioner has not

---

[14] The claims are as follows (1) no evidence proves the date of the crimes of production of child pornography on the blue flash drive; (2) no evidence to support that he possessed the blue flash drive or that the blue flash drive contained the five videos; (3) No evidence proves the date of the crimes as to count 7-31; (4) No evidence proves where the crimes for counts 7-31 occurred; (5) no evidence to prove that the sexual acts of those counts were genital, oral or any other type of sexual act; (6) no evidence at trial that he committed counts 7-31. *See e.g.,* ECF No. 368.

obtained certification from the Third Circuit to file a second or successive 2255 petition, the Court lacks jurisdiction to consider the Petition.").

Consequently, there is no relief available to Gumbs pursuant to these claims either. Therefore, the Court will deny the motions pursuant to Rule 60(b) and their accompanying amendments.[15]

### d. Relation Back Amendment—Rule 15(c)

In an attempt to keep the litigation alive, Gumbs also seeks to rely on Rule 15(c) to raise new issues previously unaddressed by the Court. *See* ECF Nos. 394 and 421. Generally, in order to raise a claim under 28 U.S.C. § 2255, the Defendant must file his claim and any amendments within one year of one of four dates—whichever is the latest.[16] *See* 28 U.S.C. § 2255(f). For the purposes of this claim, the relevant date is the date the conviction became final. Gumbs' conviction became final in 2014. *See Gumbs v. United States*, 574 U.S. 884 (2014). Therefore, amendments such as Gumbs', that were filed in 2020 are generally procedurally barred. *See* ECF Nos. 394 and 421. Nevertheless, there is an exception for untimely amendments that relate back to a timely filed motion.

Under Rule 15(c) ("Relation Back Amendment"), "[a]n amendment to a pleading relates back to the date of the original pleading when . . . the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading." Fed. R. Civ. P. 15; *see also Mayle v. Felix*, 545 U.S. 644, 664 (2005) ("So long as the original and amended petitions state claims that are tied to a common core of operative facts, relation back will be in order."). The Third Circuit has established that the relation back rule under Rule 15(c) also applies to timely filed section 2255 motions despite the fact that section 2255 motions are filed in criminal proceedings. *See United States v. Thomas*, 221 F.3d 430, 431 (3d Cir. 2000); *United States v. Duffus*, 174 F.3d 333, 336 (3d

---

[15] The following motions and amendments are denied: ECF Nos. 321, 340, 344, 353, 357, 388.

[16] Under § 2255(f) "[t]he limitation period shall run from the latest of... (1) the date on which the judgment of conviction becomes final; (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action; (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2255(f).

Cir. 1999). However, an amendment which raises new claims will not relate back to the date of the original timely filed section 2255 motion when it is "'supported by facts that differ in both time and type from those the original pleading set forth."' *Hodge v. U.S.*, 554 F.3d 372, 378 (3d Cir. 2009) (quoting *Mayle*, 545 U.S. at 650).

Here, Gumbs first argues that ground one in his Rule 15(c) motion relates back to ground three in his original section 2255 motion. *See* ECF Nos. 394 and 421. Although the grounds appear to be seemingly related, as both grounds involve the use of the warrant, Gumbs seeks to lay out an entirely new argument that differs in time and type from the claims in ground three of his original motion.

Ground three of the original section 2255 motion argued that the blue flash drive and the five images of child pornography must be suppressed because they were obtained pursuant to Attachment A of the search warrant. *See e.g.,* ECF No. 112. Gumbs argued that Attachment A violated the probable cause requirement of the Fourth Amendment. *See id.* Specifically, Gumbs argued that Attachment A impermissibly relied on Gumbs' driver license to determine where he resided. *See id.* Since he could have theoretically resided somewhere other than where his driver's license stated, Gumbs reasoned that there was insufficient probable cause to conclude that he, in fact, resided at the place that was identified in the search warrant. *See id.* In other words, in the original motion, Gumbs is challenging the basis for the Magistrate Judge granting the search warrant in the first place. The argument found in ground one of Gumbs' Rule 15(c) motion is a different type of claim and focuses on an entirely different event.

The Rule 15(c) motion argues that section 1(a) (which lists the types of places and mediums where child pornography could be found) could not be redacted from Attachment C (which states the items to be seized) during the suppression hearing. *See* ECF Nos. 394 and 421. Therefore, because section 1(a) was allegedly redacted during the hearing, Gumbs argues that counsel was not able to demonstrate that the scope of the warrant was impermissibly broad. *See id.* Additionally, Gumbs argues that his attorney's failure to raise this argument at trial resulted in him receiving ineffective assistance of counsel. *See id.*

It is indisputable that the underlying facts and argument in ground three of the original section 2255 motion are fundamentally different in type and in time from those in the Rule 15(c) motion. In the original section 2255 motion, Gumbs argues there was insufficient probable cause for the Magistrate Judge to issue the warrant. *See* ECF No. 112. In the Rule 15(c) motion, Gumbs challenges events that occurred during the suppression hearing. Specifically, the alleged redaction of certain information in the warrant and his attorney's failure to raise the argument during the proceedings. *See* ECF No. 394 and 421. Gumbs thus lays out entirely new claims in ground one of his Rule 15(c) motion that involves different facts and different event than the ones raised in his original section 2255 motion. *See Whitaker v. Superintendent Coal Township SCI*, 721 Fed. App'x 196, 202 (3d Cir. 2018) (concluding that a claim involving the trial court's admission of redacted evidence was different in time and type than a claim involving defense counsel's failure to challenge the court's decision). As such, the amended claims in ground one of the Rule 15(c) motion cannot relate back to Gumbs' original section 2255 motion.

Gumbs also claims that grounds two through seven of his Rule 15(c) motion relate back to ground six of his original section 2255 motion. *See id.* Gumbs argues that his first section 2255 motion does not specifically mention which charging document fails to inform him of the crimes he was charged with. *Id.* Therefore, Gumbs argues that grounds two through seven may constitute amendments as they clarify and amply his claims in ground six of his original section 2255 motion. *Id.* However, this argument is wholly without merit. Ground six in the original section 2255 motion argues that Gumbs received ineffective assistance of counsel because, at the suppression hearing, his attorney failed to argue that the warrant lacked probable cause since it did not include a precise date for the crimes alleged. *See* ECF No. 131. Grounds two through seven of Rule 15(c) are distinctively different in time and type.

Grounds two, three, and five assert that Gumbs was not able to present a complete defense at trial because the date on the metadata in the video evidence could theoretically be altered meant that he could not be certain of the date the evidence was produced. (ECF No. 394 and 421.) Therefore, Gumbs claims he was not able to argue that the evidence used

against him at trial was produced while he was incarcerated, thus making it impossible for him to have created the material. *See id.* Grounds four and six assert that Gumbs' Sixth Amendment right to be informed of the nature and cause of the accusation was violated because the date of the crimes asserted in the Indictment are based, in part, on the metadata dates found on the video evidence. *Id.* Since those dates could theoretically be altered, Gumbs argues he cannot properly rely on the Indictment to be informed of the nature and cause of the accusation against him in the Indictment. *See id.* Finally ground seven alleges that Gumbs' right to be proven beyond reasonable doubt was violated because there was no evidence at trial to prove the dates of the crimes alleged. (ECF No. 421.)

Based on these pleadings, it is self-evident that the new claims in the Rule 15(c) motion are not related in time or type to the claims in ground six of Gumbs' original section 2255 motion. Ground six involved a challenge to the warrant at the suppression hearing, whereas the claims in the Rule 15(c) motion involve challenges to the Indictment and the evidence introduced at trial. Therefore, since grounds two through seven of the Rule 15(c) motion are demonstrably new claims involving operative facts that are different in time and type, the Court may not construe those claims as amendments to Gumbs' timely filed section 2255 motion. As such, Gumbs' Rule 15(c) motion and amendment constitute successive section 2255 motions. Because Gumbs failed to obtain authorization from the Third Circuit to file such a motion, the claims in the motion and amendment are procedurally barred under section 2255(h). Accordingly, the Court will deny the motions at ECF Nos. 394 and 421.

### e. Motion for a New Trial—Rule 33

Gumbs' motion for a new trial is time barred as well. (ECF No. 377.) Generally, in order to successfully move for a new trial under Rule 33, the defendant must file a motion within fourteen days after the verdict or finding of guilty unless the motion is based on newly discovered evidence. *See* Fed. R. Crim. P. 33. Since Gumbs is not relying on any newly discovered evidence, his motion is constrained by the fourteen-day limitation. Given that this motion was made over ten years after his conviction, it is untimely.

While it is true there is a limited exception to the fourteen-day rule for filing a motion for a new trial, it does not apply here. Under Federal Rule of Criminal Procedure 45(b)(1), a

court may extend the time prescribed under Federal Rule of Criminal Procedure 33(b)(2) for good cause and excusable neglect. *See* Fed. R. Crim. P. 45(b). Gumbs failed to make any showing of good cause in his motion. Thus, good cause cannot be a basis for an extension of time.

Additionally, the Court finds there is no excusable neglect. Excusable neglect is an equitable consideration that requires the Court to take account of relevant circumstances, including danger of prejudice, the length of the delay, the delay's impact on judicial proceedings, the reason for the delay, whether the movant had control over the delay, and whether the movant acted in good faith. *See In re Cendant Corp. PRIDES Litig.,* 234 F.3d 166, 171 (3d Cir. 2000) (citing *Pioneer Inv. Servs. v. Brunswick Assocs. Ltd. P'ship,* 507 U.S. 380 (1993)). None of the equitable considerations are met here. Gumbs has offered no excuse for why he did not bring these claims sooner other than that defense counsel failed to timely raise the claim at trial. His conviction has been final for years and defendant has raised these underlying claims on numerous occasions without once ever filing a motion for a new trial. In other words, Gumbs was acutely aware of any potential failing on the part of defense counsel in not relying on these claims as grounds for a new trial. Nevertheless, Gumbs chose not to file a motion for a new trial until now. As such, the Court finds Gumbs failure to bring this motion sooner anything but excusable. Consequently, Gumbs' motion for a new trial is procedurally barred.

Moreover, the granting of a new trial is within the sound discretion of the Court. *See Wagner v. Fair Acres Geriatric Ctr.*, 49 F.3d 1002, 1017 (3d Cir. 1995). Because the Court has already deemed Gumbs' underlying claims meritless in the past, the Court concludes it would be inappropriate to grant a new trial and will deny Defendant's motion accordingly.

### f.  Motion for Judgment of Acquittal—Rule 29(c)

Gumbs also filed a motion for judgment of acquittal with several amendments. (ECF Nos. 333, 342, 368, 379.) The essence of Gumbs' argument in the motion and accompanying amendments is that there was insufficient evidence to convict him on any of the counts in the Indictment. *See e.g.,* ECF No. 333. As such, Gumbs believes the Court should enter a judgment of acquittal for all twenty-eight counts he was convicted on. *See id.*

Even if there were merit to any of the claims in the motion, a motion for judgment of acquittal is procedurally barred at this stage in the criminal proceedings. Federal Rule of Criminal Procedure 29(c)(1) states that "a defendant may move for a judgment of acquittal, or renew such a motion, within 14 days after a guilty verdict or after the court discharges the jury, whichever is later." Fed. R. Crim. P. 29(c)(1) The deadline to file a motion for acquittal under Rule 29 is a strict deadline. *See Carlisle v. United States*, 517 U.S. 416, 418, 433 (1996) ("We conclude that the District Court had no authority to grant petitioner's motion for judgment of acquittal filed one day outside the time limit prescribed by Rule 29(c)."). The district court does not have discretion to permit the filing of delayed rule 29 motions. *See id.* Therefore, because Gumbs' claims were filed well past the fourteen-day deadline, they are procedurally barred.[17]

### g. 12(b)(3) Motion

The next issue is Gumbs' 12(b)(3) motion and the accompanying motions and amendments for an extension of time to file. (ECF Nos. 406, 412, 414, 416, 423.) Gumbs first filed a pre-trial motion pursuant to Federal Rule of Criminal Procedure 12(b)(3) on November 5, 2020, where he attempts to raise a series of claims which would require the suppression of certain evidence used at his trial. *See* ECF No. 414. In the motion, and the accompanying amendment, he acknowledges that he is making a pre-trial motion but seeks to excuse the untimeliness by relying on the good cause exception under 12(c)(3). *See* ECF Nos. 414, 416.

In order to raise a claim pursuant to Federal Rule of Criminal Procedure 12(b)(3), a party must raise the claim by "pretrial motion if the basis for the motion is then reasonably available and the motion can be determined without a trial on the merits." Fed. R. Crim. P. 12(b)(3). "If a party does not meet the deadline for making a Rule 12(b)(3) motion, the motion is untimely. But a court may consider the defense, objection, or request if the party shows good cause." Fed. R. Crim. P. 12(c)(3); *see also United States v. Rose*, 538 F.3d 175, 182 (3d Cir. 2008) ("[U]nder rule 12, a suppression argument raised for the first time on appeal is waived (i.e., completely barred) absent good cause…our holding applies not only where

---

[17] The Court denies the following motions: ECF Nos. 333, 342, 368, 379.

the defendant failed to file a suppression motion at all in the district court, but also where he filed one but did not include the issues raised on appeal.").

Here Gumbs' motion is certainly untimely as it was filed years after his trial and there is no suggestion that this information was not previously available. Gumbs' only argument that there is good cause for the delay is that his counsel failed to raise the claims asserted prior to his trial in 2011. *See* ECF No. 415. The argument is unpersuasive. Since trial, Gumbs has exhausted direct review and made no less than three section 2255 motions. In that time, he has not once made a Rule 12(b)(3) motion. Therefore, because Gumbs offers no explanation for his failure to raise the issue after his trial but prior to his current motion, the Court finds there has been no good cause showing to justify the delay. *See Rose*, 538 F.3d at 183 (finding no good cause for defendant failing to make his 12(b) motion when he offered no explanation for why he did not raise the issues after the suppression hearing but prior to appeal). Accordingly, Gumbs' 12(b)(3) motion is untimely and thus procedurally barred.

To the extent that the 12(b)(3) motion and amendments are, in reality, section 2255 motions for ineffective assistance of counsel, they are also procedurally barred as a successive section 2255 motion because Gumbs did not receive authorization from the Third Circuit to make a successive section 2255 filing. For these reasons, the Court will deny the 12(b)(3) motion and its amendment.[18]

### h. Motion to return property

Finally, Gumbs' motion for the return of property is foreclosed as well. (ECF No. 261.) The Court in a previous order had found that Gumbs' motion for the return of property was moot because the property in question had been returned to defendant's counsel's office on March 21, 2012. (ECF No. 287.) Gumbs appealed the Court's decision on April 8, 2019, arguing that he had not received all the property seized during the search of his residence on March 19, 2011. (ECF Nos. 303, 335.) While on appeal Gumbs filed another motion in the district court seeking a return of property. *See* ECF No. 261. The Third Circuit then affirmed the District Court's decision finding the matter moot on December 2, 2019. (ECF No. 335.)

---

[18] The Court will also deny the motions for extension of time to file a Rule 12(b) motion. (ECF Nos. 406, 412 and 416.) Such motions, which are filed pursuant to Rule 45(b)(1)(B), would still not permit Gumbs to file a Rule 12(b) motion because Gumbs has failed to show good cause or excusable neglect.

Given that the Third Circuit has already affirmed this Court's decision on the matter and no new issues have been raised, Gumbs' pending motion for the return of property is moot.[19] [20]

### i.   Future Filings

Although it is "established beyond doubt that prisoners have a constitutional right of access to courts," when litigants begin to "abuse the judicial process," the federal courts may protect themselves from a litigant's abusive tactics if the conduct impairs the court's ability to carry out Article III functions. *Bounds v. Smith*, 430 U.S. 817, 821 (1977); *see Abdul-Akbar v. Watson*, 901 F.2d 329, 333 (3d Cir. 1990); *Procup v. Strickland*, 792 F.2d 1069, 1073-1074 (11th Cir. 1986). Specifically, under the All Writs Act, 28 U.S.C. § 1651,[21] the Third Circuit has found that the district courts have the authority to issue an injunction restricting meritless filings. *See In re Oliver*, 682 F.2d 443, 445 (3d Cir. 1982); *Hickman v. Cameron*, 531 Fed. App'x 209, 211 (3d Cir. 2013) (specifically permitting an injunction on future habeas corpus filings and Rule 60(b) motions if defendant files without first seeking leave of court). "The interests of repose, finality of judgments, protection of defendants from unwarranted harassment, and concern for maintaining order in the court's dockets" have been deemed sufficient justifications to warrant such restrictions on repetitive litigation, and in appropriate circumstances, new filings from a litigant. *See In re Oliver*, 682 F.2d at 445. While litigiousness alone will not support an injunction against future filing, a continuous pattern of '"groundless

---

[19] The Court will deny ECF No. 264 as it appears that the motion was improperly filed in this Court. Gumbs sought a writ of mandamus in the Third Circuit. *See* ECF No. 263 (Notice of filing of Writ of Mandamus to the Third Circuit). ECF No. 264 appears to be a motion to proceed in forma pauperis in that proceeding. Accordingly, the motion at ECF No. 264 is denied as it is up to the Third Cicuirt to grant such a motion. *See Douris v. Middletown Tp.*, 293 Fed. App'x 130, 131 (3d Cir. 2008) ("We grant Douris' motions to proceed *in forma pauperis* for the purpose of these appeals.").

[20] The remaining motions, ECF Nos. 301, 308, 310, 345, 381, 383, 392, 401, and 403 are found moot given that Gumbs withdrew those motion. *See* ECF Nos. 325, 410, 411, 418, 419. ECF No. 383 was rendered moot because Gumbs filed a duplicate and thus did not need a copy of the original letter. *See* ECF No. 383 ("I request a copy of my amended motion...which I dated as 6/9/20 if you received or else I will have to file a duplicate by 9/11/20."). The duplicate was filed on September 11, 2020. *See* ECF No. 390.

[21] "The Supreme Court and all Courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." 28 U.S.C. § 1651(a).

and vexatious litigation,"' permits the court to grant an order enjoining the litigant from making further filings without the permission of the Court. *Gagliardi v. McWilliams,* 834 F.2d 81, 83 (3d Cir. 1987) (quoting *In re Oliver*, 682 F.2d at 446).

Given that the power of the All Writs Act is constrained by the two fundamental tenets of our legal system—the litigant's rights to due process and access to the courts—courts must comply with three requirements in order to issue an injunction on a litigant's filing activities. *See Pondexter v. Allegheny Cnty.*, No. CIV. A. 11-857, 2011 WL 5328562, at *4 (W.D. Pa. Nov. 4, 2011). First, the district court may not restrict the litigant from filing claims absent exigent circumstances, such as a litigant's continuous abuse of the judicial process. *See Pondexter*, 2011 WL 5328562, at *4; *see also Crooker v. Delta Management Associates, Inc.,* 2010 WL 1390868, at *4 (M.D. Pa. Apr. 1, 2010) (citing *Matter of Packer Ave. Assoc.,* 884 F.2d 745, 747 (3d Cir. 1989)). Second, if the court finds that the circumstances warrant an injunction on a litigant's ability to file, the court must first give notice to the litigant to show cause why the proposed injunction should not be issued. *See Gagliardi v. McWilliams,* 834 F.2d 81, 83 (3d Cir. 1987) (such a sanction "should not be imposed by a court without prior notice and some occasion to respond."). Finally, the scope of the injunction must be narrowly tailored so as not to impose a restriction more burdensome than necessary to prevent future abusive litigation. *See Crooker*, 2010 WL 1390868, at *4 (citing *Chipps v. United States Dist. Ct. for the Middle Dist. of Pa.,* 882 F.2d 72, 73 (3d Cir. 1989)).

The matter before the Court constitutes exigent circumstances. Despite the Court reiterating to Gumbs that he has exhausted all available review regarding his convictions and sentence, he has continued to file repetitive, frivolous, meritless, and vexatious filings in both this Court and in the Third Circuit. Not only has Gumbs made more than sixty filings since this Court's most recent order denying more than 20 motions, Gumbs has proceeded to file several section 1983 claims regarding this issue as well as numerous writs of mandamus in the Third Circuit. *See In re Gumbs*, 747 Fed. App'x at 916. While the Court will not make such a determination today, it appears that Gumbs insistence to refile meritless claims indicates that he plans to continue abusing the judicial system.

In light of the circumstances, the Court proposes issuing the following injunction on Akeem Gumbs' future filings in the District Court of the Virgin Islands:

> Defendant Akeem R. Gumbs, is hereby prohibited from filing any section 2255 motion, pretrial or post-conviction motion, habeas petition, section 1983 claim, or motion in connection therewith, relating to his 2011 criminal conviction in the District Court of the Virgin Islands without first seeking leave to do so. In seeking leave, Gumbs must certify that the claims he wishes to present are not barred by the Antiterrorism and Effective Death Penalty Act's prohibition on successive filings; or in the case of a Federal Rule of Civil Procedure 60(b) motion, that his motion presents new, nonfrivolous reasons for granting relief from judgment. Upon a failure to certify or upon a false certification, Gumbs may be found in contempt of court and punished accordingly. Such punishment may include fines and other penalties that the Court deems proper.

Although the Third Circuit has previously issued a warning to Gumbs regarding future frivolous filings regarding this matter, this Court has not. *See In re Gumbs*, 726 Fed. App'x. at 166 ("Gumbs is warned that further frivolous filings could result in sanctions"). Therefore, out of an abundance of caution, the Court will order Gumbs to show cause why an injunction should not be issued in these circumstances. Such response shall be filed within thirty days of the receipt of this Opinion.

### III.    CONCLUSION

After reviewing Gumbs' more than sixty, mostly repetitious, filings since the Court's last Order, the Court finds that none of his claim hold any merit. All of Gumbs' claims are frivolous and generally fail to provide grounds for relief or are otherwise procedurally barred. As such, all of Gumbs' motions that are not deemed moot are denied.

Additionally, the Court finds that the inundation of meritless filings highlighted in this Memorandum Opinion demonstrates a pattern of abusive and vexatious filings by Gumbs since his convictions and sentence became final. Therefore, the Court believes that it is necessary for Gumbs to show cause why an injunction on future filings related to this matter is not appropriate under these circumstances. Gumbs shall have thirty days to respond to the Court's proposed injunction.

An appropriate order follows.

**Date:** December 14, 2022

*/s/ Robert A. Molloy*
**ROBERT A. MOLLOY**
**Chief Judge**